UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL ELECTION COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LATPAC,<br><br>and<br><br>CHALIN M. ASKEW, in his official capacity as treasurer of LATPAC,<br><br>Defendants. | Civ. No. 21-6095<br><br><br><br>COMPLAINT |

**COMPLAINT FOR CIVIL PENALTY, DECLARATORY, INJUNCTIVE,
AND OTHER APPROPRIATE RELIEF**

Plaintiff Federal Election Commission ("Commission" or "FEC"), for its Complaint against defendants, the registered political committee LatPAC and Chalin A. Askew, in his official capacity as treasurer of LatPAC, alleges as follows:

**INTRODUCTION**

1. Beginning in 2016 and continuing through today, LatPAC and Chalin M. Askew, as treasurer, have failed to file disclosure reports, in violation of the Federal Election Campaign Act ("FECA" or the "Act"). LatPAC first registered with the FEC as a political committee in June of 2016, filing a statement of organization and an initial quarterly report of receipts and disbursements. After these initial filings, however, LatPAC failed to file more than sixteen required reports over the course of five years. These FECA disclosure

requirements serve to provide voters with information about the sources of financial support for candidates and the use of funds by political committees, as well as to deter and expose violations of other campaign finance restrictions. Here, the FEC's investigation showed that LatPAC and Askew had accepted but failed to disclose more than $92,000 in receipts; made but failed to disclose more than $92,000 in disbursements; and failed to disclose any of LatPAC's debts or obligations. The FEC conducted its required administrative enforcement proceedings and sought to informally correct these violations, but after an initial commitment from Askew to remedy the ongoing violations, Askew stopped responding to the FEC. The FEC therefore seeks to remedy the violations through a declaration that defendants violated 52 U.S.C. § 30104(a) and (b), an order that defendants file the required disclosure reports, an appropriate civil penalty, and a permanent injunction against future similar violations.

## JURISDICTION AND VENUE

2. This action seeks a civil penalty as well as declaratory, injunctive, and other appropriate relief pursuant to the authority granted by Congress to the FEC in FECA, codified at 52 U.S.C. §§ 30101-30146.

3. This Court has jurisdiction under 28 U.S.C. § 1345 as this is an action brought by an agency of the United States expressly authorized to sue by an act of Congress, 52 U.S.C. §§ 30107(a)(6), 30109(a)(6)(A).

4. Venue is proper in the United States District Court for the Southern District of New York under 52 U.S.C. § 30109(a)(6)(A), because all of the defendants in this action are found, reside, or transact business in this district. Venue is proper under 28 U.S.C.

§ 1391(b)-(c) for that reason and because a substantial part of the events or omissions giving rise to this suit occurred here.

## THE PARTIES

5. Plaintiff FEC is the independent agency of the United States government with exclusive jurisdiction over the administration, interpretation, and civil enforcement of FECA. *See* 52 U.S.C. §§ 30106(b)(1), 30107(a), 30109.  The Commission is authorized to promulgate regulations implementing the Act, *id.* § 30107(a)(8); to institute investigations of possible violations of the Act, *id.* § 30109(a)(1)-(2), and to initiate civil actions in the United States district courts to obtain judicial enforcement of the Act, *id.* §§ 30107(e), 30109(a)(6).

6. Defendant LatPAC, also doing business as Democratic Voter Project, was and is a political action committee registered with the Commission under FECA.  According to forms LatPAC filed with the Commission, LatPAC's business address is P.O. Box 1390, New York, NY 10185.

7. Defendant Chalin M. Askew was and is the treasurer of LatPAC.  According to forms Askew filed on LatPAC's behalf with the Commission in 2016 and 2017, Askew's address is 610 Fifth Avenue, Unit 1390, New York, NY 10185.

## RELEVANT STATUTORY AND REGULATORY PROVISIONS

8. FECA establishes a system to make public the financing and spending of money in federal election campaigns.  52 U.S.C. §§ 30101-30146.  It does so by regulating "contribution[s]" and "expenditure[s]."  *Id.* § 30101(8)(A), (9)(A).  Under the Act, a "contribution" includes any "gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal

3

office." *Id.* § 30101(8)(A). An "expenditure" includes "any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election for Federal office." *Id.* § 30101(9)(A).

9. Under FECA, "any committee, club, association, or other group of persons which receives contributions aggregating in excess of $1,000 during a calendar year or which makes expenditures aggregating in excess of $1,000 during a calendar year," *id.* § 30101(4)(a), and has "the major purpose of . . . the nomination or election of a candidate" is a political committee, *Buckley v. Valeo*, 424 U.S. 1, 79 (1976) (per curiam).

10. Groups that fall within the definition of a "political committee" are required to register with the Commission, appoint a treasurer, and meet other organizational requirements. 52 U.S.C. § 30103. The treasurer is required to sign and file regular reports disclosing the committee's receipts and disbursements. 52 U.S.C. § 30104(a)(1).

11. "A political committee is either an authorized committee or an unauthorized committee." 11 C.F.R. § 100.5(f). The term "unauthorized committee" means "a political committee which has not been authorized . . . by a candidate to solicit or receive contributions or make expenditures on [their] behalf." *Id.* § 100.5(f)(2).

12. Within 10 days of qualifying as an unauthorized political committee, an organization is required to file a statement of organization with the Commission. 52 U.S.C. § 30103(a); 11 C.F.R. §§ 102.1-102.2. Any change of information previously provided in statement of organization shall be reported to the FEC no later than 10 days after the date of the change. 52 U.S.C. § 30103(c).

13. Political committees must file reports of receipts and disbursements with the FEC according to the schedules prescribed in FECA. 52 U.S.C. § 30104(a)-(b); 11 C.F.R. §§ 104.1, 104.3, 104.5.

14. The required reports must include, *inter alia*, the total amount of all receipts, including but not limited to contributions; the total amount of all disbursements, including but not limited to expenditures; the amount of cash on hand at the beginning and end of a reporting period; and debts. 52 U.S.C. § 30104(b); 11 C.F.R. §§ 104.3(a)(1), (a)(2), (b)(1), (b)(3), and (d), 104.11. The reporting of amounts of receipts and disbursements is generally required for the current reporting period and cumulatively for the related calendar year. 52 U.S.C. § 30104(a)(7); 11 C.F.R. § 104.3. However, the first report filed by a newly-registered political committee must include the total of all amounts received and disbursed even if such amounts were not received or disbursed during the first-applicable reporting period. 11 C.F.R. § 104.3(a)-(b).

15. A political committee's disclosure reports must also itemize certain receipts, including, *inter alia*, contributions aggregating more than $200 from a contributor during a calendar year. 52 U.S.C. § 30104(b)(3); 11 C.F.R. §§ 104.3(a)(4), 104.8. For itemized contributions, reports must reflect the person who makes the contributions, along with the name, address, occupation, and name of employer of the contributor, and the date and amount of receipt of the contribution. 52 U.S.C. § 30104(b)(3)(A); 11 C.F.R. §§ 104.3(a)(4), 104.8.

16. Similarly, reports must itemize certain disbursements. 52 U.S.C. § 30104(b)(5); 11 C.F.R. §§ 104.3 (b)(3), 104.9. For itemized disbursements, reports must

reflect the name and address of the payee and the purpose, date, and amount of the disbursement. 52 U.S.C. § 30104(b)(5)(A); 11 C.F.R. §§ 104.3(b)(3), 104.9.

17. Unauthorized political committees that elect to file on a quarterly, as opposed to monthly, basis are required, during an election year, to file quarterly and post-general election reports and, during a non-election year, to file mid-year and year-end reports. 52 U.S.C. § 30104(a); 11 C.F.R. § 104.5(c).

18. An unauthorized political committee cannot unilaterally terminate itself. To be eligible to terminate, the committee must (a) "no longer receive any contributions or make any disbursements," and (b) have "no outstanding debts and obligations." 11 C.F.R. § 102.3(a)(1); *see also* 52 U.S.C. § 30103(d). And to effectuate termination, the committee must file the required termination report with the Commission. 52 U.S.C. § 30103(d); 11 C.F.R. § 102.3(a)(1).

19. FECA authorizes a United States district court to order a defendant who has violated FECA to pay a civil penalty. 52 U.S.C. § 30109(a)(6)(B). For violations that are not knowing and willful, "the civil penalty shall not exceed the greater of $20,528 or an amount equal to any contribution or expenditure involved in the violation."[1] 11 C.F.R. § 111.24 (a)(1).

---

[1] FECA provides that courts may impose civil penalties that "do[] not exceed the greater of $5,000 or an amount equal to any contribution or expenditure involved in such violation." 52 U.S.C. § 30109(a)(6)(B). The Federal Civil Penalties Inflation Adjustment Act of 1990 requires agencies to adjust civil monetary penalties for inflation each year. 28 U.S.C. § 2461 note § 4. For FECA violations that are not knowing and willful, the adjusted civil penalty in 2021 is $20,528. *See* 11 C.F.R. § 111.24 (a)(1); FEC, *Civil Monetary Penalties Annual Inflation Adjustments*, 86 Fed. Reg. 1737-02 (Jan. 11, 2021).

20. In addition to imposing civil penalties, FECA authorizes United States district courts to "grant a permanent or temporary injunction, restraining order, or other order" against any defendant who has violated the Act. 52 U.S.C. § 30109(a)(6)(B).

## FACTUAL BACKGROUND

21. LatPAC's bylaws, dated April 27, 2015, state that LatPAC is "a political committee organized to raise funds to contribute to candidates, ballot measures, and political committees that support core Latino issues." They also require that LatPAC's treasurer "prepare and file with the Federal Election Commission . . . any reports as required under applicable federal . . . law."

22. In April 2015, LatPAC notified the Internal Revenue Service that it was a new political organization under section 527 of the Internal Revenue Code. This notice described LatPAC's purpose as "a project intended to provide resources to candidates supporting Latino policy issues and goals." It also identified Chalin M. Askew as LatPAC's executive director, contact person, and custodian of records. Further, LatPAC's bylaws vested all of LatPAC's powers and duties in its "sole Executive Director" until a multi-member board of directors could be formed.

23. On June 29, 2016, LatPAC registered with the FEC as an unauthorized political action committee that supports/opposes more than one federal candidate. LatPAC designated Chalin M. Askew as its treasurer.

24. On July 20, 2016, Askew filed LatPAC's 2016 July Quarterly Report with the FEC. The Report disclosed no receipts, no disbursements, no cash on hand, and no debts.

25. On October 31, 2016, December 28, 2016, and February 16, 2017, the Commission's Reports Analysis Division notified LatPAC and Askew of their failure to file LatPAC's statutorily-required 2016 October Quarterly Report, 2016 Post-General Election Report, and 2016 Year-End Report, respectively.

26. On March 16, 2017, LatPAC filed an effectively identical amended statement of organization, reaffirming that LatPAC was an unauthorized political action committee that supports/opposes more than one federal candidate, with Askew serving as treasurer.

27. Since March 2017, LatPAC and Askew have not filed any of the statutorily-required reports for LatPAC with the Commission. The Commission's Reports Analysis Division notified LatPAC and Askew of their failure to file each of the required reports.

28. In particular, LatPAC and Askew were required to — but failed to file — a 2016 October Quarterly Report, 2016 Post-General Election Report, 2016 Year-End Report, 2017 Mid-Year Report, 2017 Year-End Report, 2018 April Quarterly Report, 2018 July Quarterly Report, 2018 October Quarterly Report, 2018 Post-General Election Report, 2018 Year-End Report, 2019 Mid-Year Report, 2019 Year-End Report, 2020 April Quarterly Report, 2020 July Quarterly Report, 2020 October Quarterly Report, and 2020 Post-General Election Report. The 2021 Mid-Year Report is due on July 31, 2021.

29. Between October 31, 2016 and December 18, 2020, the Commission's Reports Analysis Division sent LatPAC and Askew sixteen letters regarding LatPAC and Askew's failure to file LatPAC's statutorily-required disclosure reports.

30. LatPAC and Askew's failure to file the required disclosure reports contravenes the Act's important disclosure requirements by depriving the public of required information and frustrates the Commission's ability to enforce FECA.

## ADMINISTRATIVE PROCEEDINGS

31. On February 8, 2018, the FEC received an administrative complaint alleging, *inter alia*, that a total of $28,400 in contributions that the complainant gave to and raised for LatPAC from March to June 2017 was unaccounted for. *See* 52 U.S.C. § 30109(a)(1).

32. On February 14, 2018, the Commission notified LatPAC and Askew that it had received information indicating that LatPAC and Askew may have violated provisions of the Act. The Commission's letter provided LatPAC and Askew with a copy of the administrative complaint and gave them the opportunity to respond. *See* 52 U.S.C. § 30109(a)(1). LatPAC and Askew did not submit a timely written response.

33. The Commission's disclosure database shows that LatPAC and Askew, in his official capacity as treasurer, failed to report any receipts or disbursements by LatPAC or Askew, in his official capacity as treasurer, at any time whatsoever, including a failure to report any contributions made or raised by the complainant.

34. After reviewing the available information, on October 24, 2018, the Commission decided by a 4-0 vote to find reason to believe that LatPAC and Askew, in his official capacity as treasurer, had violated 52 U.S.C. § 30104(a) and (b) by failing to file reports disclosing, *inter alia*, receipts, disbursements, cash on hand, and debts, and the Commission authorized an investigation. *See* 52 U.S.C. § 30109(a)(2).

35. On October 31, 2018, the Commission notified LatPAC and Askew of its reason-to-believe determination, including the factual and legal analysis supporting this determination. *See* 52 U.S.C. § 30109(a)(2).

36. The Commission's ensuing investigation revealed, *inter alia*, that LatPAC and Askew had accepted — but failed to disclose — more than $92,000 in receipts by LatPAC, including more than 225 separate contributions; that LatPAC and Askew had made — but failed to disclose — more than $92,000 in disbursements by LatPAC; and that LatPAC and Askew had failed to disclose any of LatPAC's debts or obligations at any time, including a debt of $4,000 incurred in late 2017 which was still outstanding as of September 2020.

37. After numerous attempts by the FEC's Office of the General Counsel to contact Askew, he contacted the FEC in November 2019 and stated that he was going to take corrective action, including filing the missing reports by January 1, 2020. However, Askew failed to take these steps.

38. Following the FEC's investigation, on September 30, 2020, the Commission's Office of the General Counsel notified LatPAC and Askew that the General Counsel was prepared to recommend that the Commission find probable cause to believe that they had violated 52 U.S.C. § 30104(a) and (b). *See* 52 U.S.C. § 30109(a)(3). The notice included a brief stating the General Counsel's position on the legal and factual issues of the matter, and informed LatPAC and Askew of their right to file their own brief stating their position on the issues and replying to the General Counsel's brief. *See id*. LatPAC and Askew did not submit a written response.

39. On March 11, 2021, the Commission decided by a 6-0 vote to find probable cause to believe that LatPAC and Askew, in his official capacity as treasurer, had violated 52 U.S.C. § 30104(a) and (b) by failing to file LatPAC's statutorily-required reports and to disclose LatPAC's receipts, disbursements, cash on hand, and debts.  *See* 52 U.S.C. § 30109(a)(4).

40. On April 6, 2021, the Commission notified LatPAC and Askew of its probable-cause determination, including the factual and legal analysis supporting this determination.

41. Also starting on April 6, 2021, the Commission endeavored for a period of not less than 30 days to correct the violations through informal methods of conference, conciliation, and persuasion, including by providing a proposed conciliation agreement to LatPAC and Askew.  *See* 52 U.S.C. § 30109(a)(4)(A)(i), (a)(6)(A).  However, despite multiple attempts to reach LatPAC and Askew, they did not respond to these contacts, and the Commission was unable to reach a conciliation agreement with defendants.

42. On June 23, 2021, the Commission decided by a 6-0 vote to authorize the filing of this civil lawsuit against LatPAC and Askew, in his official capacity as treasurer, for violating 52 U.S.C. § 30104(a) and (b) by failing to file LatPAC's statutorily-required reports and to disclose LatPAC's receipts, disbursements, cash on hand, and debts.  *See* 52 U.S.C. § 30109(a)(6)(A).

43. The Commission has satisfied all of the jurisdictional requirements in FECA that are prerequisites to filing this action.

## CAUSE OF ACTION

44. Paragraphs 1 through 43, inclusive, are incorporated herein by reference.

45. Defendants LatPAC and Chalin M. Askew, in his official capacity as LatPAC's treasurer, violated 52 U.S.C. § 30104(a) and (b) by failing to file LatPAC's statutorily-required disclosure reports and failing to disclose LatPAC's receipts, disbursements, cash on hand, and debts.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Federal Election Commission prays that this Court:

A. Declare that defendants LatPAC and Chalin M. Askew, in his official capacity as LatPAC's treasurer, violated 52 U.S.C. § 30104(a) and (b) by failing to file LatPAC's statutorily-required disclosure reports and failing to disclose LatPAC's receipts, disbursements, cash on hand, and debts;

B. Order defendants LatPAC and Chalin M. Askew, in his official capacity as LatPAC's treasurer, to file all reports and disclose all information to the Commission that were previously required to be filed and disclosed, respectively, under FECA and Commission regulations;

C. Permanently enjoin defendants LatPAC and Chalin M. Askew, in his official capacity as LatPAC's treasurer, from future violations of 52 U.S.C. § 30104(a) and (b);

D. Assess an appropriate civil penalty against defendants LatPAC and Chalin M. Askew, in his official capacity as LatPAC's treasurer, for each violation found by the Court, not to exceed the greater of $20,528 or an amount equal to the contribution or expenditure

involved in the violation. *See* 52 U.S.C. § 30109(a)(6)(A)-(B); 11 C.F.R. § 111.24(a)(1) (2021).

  E. Award plaintiff Federal Election Commission its costs in this action; and

  F. Grant plaintiff Federal Election Commission such other relief as may be appropriate.

         Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson<br>Acting General Counsel<br>lstevenson@fec.gov | /s/ *Harry J. Summers*<br>Harry J. Summers<br>Assistant General Counsel |
| Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov | hsummers@fec.gov<br><br>COUNSEL FOR PLAINTIFF<br>FEDERAL ELECTION COMMISSION |
| Haven Ward<br>Attorney<br>hward@fec.gov | 1050 First Street, NE<br>Washington, DC 20463<br>(202) 694-1650 |

July 15, 2021