```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Federal Election Commission,

                        Plaintiff,

-against-

LatPAC et al.,

                        Defendants.

1:21-cv-06095 (ALC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      This is an action by Plaintiff Federal Election Commission (the "Commission") against Defendants, the registered political committee LatPAC and Chalin A. Askew ("Askew"), in his official capacity as treasurer of LatPAC, alleging violations of the Federal Election Campaign Act. (*See* Compl., ECF No. 1, ¶ 1.) This Order, which follows a January 4, 2022 telephone conference in which only the Commission appeared, concerns defaults by LatPAC in failing to appear by counsel and by Askew in failing to defend this action.

**BACKGROUND**

      On July 15, 2021, the Complaint was filed in this action, consisting of 45 paragraphs. (*See* Compl. ¶¶ 1-45.) On August 13, 2021, Askew executed waivers of service of the Summons and Complaint in this action on behalf of LatPAC and himself. (*See* LatPAC Waiver, ECF No. 14; Askew Waiver, ECF No. 15.) On November 2, 2021, Askew purported to file an Answer on behalf of LatPAC and himself.[1] (*See* Answer, ECF No. 18.) However, the Answer that was filed does not

---

[1] Askew appeared *pro se* in this action and consented to electronic service. (*See* Not. of Appearance, ECF No. 16; Pro Se Consent, ECF No. 17.) As the ECF docket reflects, LatPAC never has appeared by counsel in this action and Askew cannot appear *pro se* on behalf of LatPAC. *See, e.g., Pridgen v. Andresen*, 113 F.3d

correspond to the Complaint. (*Compare* Compl. ¶¶ 1-45 with Answer ¶¶ 1-19.) For example, the Answer only responds to 24 paragraphs of the 45 paragraphs of the Complaint. (*Id*.) On November 4, 2021, this action was referred to me for general pretrial purposes. (*See* Order of Ref., ECF No. 19.)

On November 5, 2021, an Order was entered scheduling a telephone conference for November 12, 2021. (*See* 11/5/21 Order, ECF No. 20.) On November 12, 2021, the Commission appeared for the telephone conference, but Askew did not appear and no one appeared on behalf of LatPAC. (*See* 11/12/21 Order, ECF No. 21.) Following the conference, the Court entered an Order which stated, in part: "LatPAC is advised that an artificial entity cannot appear *pro se* in this Court." (*See id*. ¶ 1 (citations omitted).) The Order set a deadline of December 15, 2021 for LatPAC to appear by counsel. (*See id*.) The Order warned LatPAC that, "if LatPAC does not appear by counsel, a default may be entered against it." (*See id*.)

The November 12, 2021 Order also addressed the defective Answer that was filed, stating: "[t]he purported Answer filed by Defendant Askew on November 2, 2021 is defective, as it does not respond to the allegations in the Complaint." (*See* 11/12/21 Order ¶ 2 (citation omitted).) The Order set a deadline of December 15, 2021 for Askew to file a new responsive pleading. (*See id*.) The Order also scheduled another telephone conference for January 4, 2022. (*See id*. ¶ 3.) Finally, the November 12, 2021 Order "reminded [Askew] that he must comply with all Court orders and failure to do so, including by failing to appear for future conferences, may result in

---

391, 393 (2d Cir. 1997) ("appearance pro se denotes (in law Latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity.").

the imposition of sanctions, <u>up to and including a recommendation to the District Judge that a default judgment be entered against him</u>." (*See id*. (emphasis in original).)

On January 4, 2022, the Commission appeared for the telephone conference, but once again Askew did not appear and no one appeared on behalf of LatPAC. On January 6, 2022, dispositive motions in this action were referred to me for a report and recommendation. (*See* Am. Order of Ref., ECF No. 22.)

## LEGAL STANDARDS

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court . . ., a district judge also possesses the inherent power to enter a default." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citations omitted). Because entry of a default under Rule 55(a) is non-dispositive, a magistrate judge also may direct the Clerk of Court to enter a default pursuant to the referral for general pretrial management. *See Scalia v. Mucino*, No. 17-CV-00605 (EAW) (HBS), 2021 WL 222012, at *1 (W.D.N.Y. Jan. 22, 2021) (directing Clerk of Court to enter default under Rule 55(a) as non-dispositive pretrial matter and citing cases).

"[A]rtificial entities are not permitted to appear in federal court without counsel." *See In Re: Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-01570 (GBD) (FM), 2016 WL 1377129, at *2 (S.D.N.Y. Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 3866576 (S.D.N.Y. July 13, 2016) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law

3

for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted)).

"Even where a defendant has filed an answer, 'Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.'" *Vicente v. Ljubica Contractors LLC*, No. 18-CV-0419 (VSB) (SLC), 2020 WL 2832808, at *6 (S.D.N.Y. June 1, 2020) (quoting *Mickalis Pawn Shop, LLC*, 645 F.3d at 128).

## DISCUSSION

**A.     A Default Should Be Entered Against LatPAC**

LatPAC has failed to appear through counsel in this action by the deadline set by the Court. Thus, a default should be entered against LatPac, pursuant to Rule 55(a). *See Pareja v. 184 Food Corp.*, No. 18-CV-05887 (JPO) (SDA), 2021 WL 3109621, at *4 (S.D.N.Y. July 22, 2021), *report and recommendation adopted*, 2021 WL 3501229 (S.D.N.Y. Aug. 9, 2021) ("It is well settled that a corporate defendant's failure to obtain counsel is failure to 'otherwise defend' under Rule 55(a)."); *see also Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) (corporation may not appear *pro se*, but must retain counsel to avoid default).

**B.     A Default Should Be Entered Against Askew**

Askew filed an Answer but that Answer did not properly respond to the Complaint. (*See* 11/12/21 Order (noting that purported Answer was defective because it did not respond to the allegations in the Complaint).) Thereafter, Defendant Askew failed to appear for a telephone conference on November 12, 2021; failed to file a new responsive pleading as directed by the Court; and failed to appear for a second telephone conference on January 4, 2022, despite a

warning that failure to do so may result in the imposition of sanctions up to an including a recommendation to the District Judge that a default judgment be entered against him. (*See id*.) Accordingly, the Court finds that a default should be entered against Askew as he has failed to "otherwise defend" this action. *See* Fed. R. Civ. P. 55(a).

## CONCLUSION

For the foregoing reasons, the Clerk of Court is respectfully requested to enter a default against Defendants LatPAC and Askew pursuant to Federal Rule of Civil Procedure 55(a).[2]

**SO ORDERED.**

Dated:   New York, New York
         January 7, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] After the defaults have been entered, the Court shall set a briefing schedule for the Commission to file a motion for a default judgment so that a recommendation can be made with respect to the relief that the Commission seeks.